UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>MARCO RUBIO, in his official capacity as US Secretary of State, *et al.*,<br><br>    **Defendants.** | Civil Action No. 25-4210 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jane and John Doe are a married couple. See ECF No. 1 (Compl.), ¶ 3. Jane is a U.S. citizen, id., ¶ 77, but John is a Russian national who needs a visa to join his wife in the United States. See id., ¶ 78. He applied for the relevant visa, was interviewed at a U.S. consulate, and a consular officer told him that the visa would be issued in a few days. Id., ¶¶ 79–84. That was eight months ago. Id., ¶ 92. Since then, John's visa has languished in administrative processing, id., ¶ 93, and he and Jane have brought this action to compel Defendants to promptly adjudicate his application. Id. at 35. They now move to proceed pseudonymously. See ECF No. 2 (Mot.) at 1. The Court will grant their Motion.

**I.     Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

1

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

**II.    Analysis**

Plaintiffs have shown that their interest in pseudonymity outweighs the public's interest in learning their identities.

First, Plaintiff John Doe is not seeking "merely to avoid the annoyance and criticism that may attend any litigation." Id. at 326. This factor favors pseudonymity if naming a plaintiff would expose facts whose disclosure would threaten his safety. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023); Doe v. Federal Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023). That is the case here. John is an independent journalist, and his Complaint alleges that journalists who displease the Russian government are sometimes imprisoned, exiled,

or even killed.  See Compl., ¶ 98.  That is a risk for John because he has deep ties to the United States: he got his PhD here, previously lived here, is married to a U.S. citizen, and hopes to emigrate here.  Id., ¶¶ 3–4, 97, 99.  The State Department warns that "Russian officials have questioned and threatened U.S. citizens without reason," "Russian security services have arrested U.S. citizens on false charges," and the Russian legal system has "denied [U.S. citizens] fair treatment and convicted them without credible evidence."  Id., ¶ 96 (quoting Russian Federation Travel Advisory, Travel.State.Gov (Aug. 5, 2025), https://perma.cc/8AN9-9RTB).  So it urges Americans, "Do not travel to Russia for any reason" and "U.S. citizens in Russia should leave immediately."  Id. (quoting Russian Federation Travel Advisory).  In sum, John Doe is an independent journalist, and disclosing his name would publicize his ties to the United States.  That disclosure could put him in danger.

True, John is currently in a third country and is trying to avoid going back to Russia.  Id., ¶ 102; Mot at 1.  But he has only a temporary visa, and at some point he might have to return to his native country.  See Compl., ¶ 103; Mot at 4.  If that happens, and if his identity were publicly connected with the facts here, he would be at risk of harassment, imprisonment, or even violence.  As for Jane Doe, identifying her would risk identifying her husband.  See S.T. ex rel. Shanisha L. v. Bisignano, 2025 WL 2817734, at *2 (D.D.C. Oct. 3, 2025) (identifying mother risked identifying her daughter).  This factor therefore favors pseudonymity for both Plaintiffs.

The second factor asks "whether identification poses a risk of retaliatory physical or mental harm."  Sealed Case, 971 F.3d at 326.  Courts in this district have sometimes held that if identifying a plaintiff would expose him to danger, then he wins this test's first and second factors.  Sponsor, 2023 WL 2598685, at *2; Doe v. Germany, 680 F. Supp. 3d at 5.  If that is right, then this factor favors pseudonymity for the reasons above.  All the same, that conflation

risks making the first and second factors duplicative. Whether the danger to John belongs in factor (1) or factor (2) is an interesting scholastic exercise, but it does not matter here. His interest in his safety is so strong that the Court would grant his Motion no matter which factor that interest belongs in.

As for the ages of the people with relevant privacy interests, Plaintiffs are both adults, so this factor weighs against letting them proceed pseudonymously. See Mot. at 5.

Moving on to the fourth factor, the defendant's identity, this factor usually favors pseudonymity when a plaintiff sues the government, J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016), as Plaintiffs do here. True, this factor tips the other way if a plaintiff is seeking programmatic relief that would change public policy — in which case the public has a stronger interest in learning who is trying to change law affecting many others. Sealed Case, 971 F.3d at 329. But in this suit, Plaintiffs seek individualized relief: they argue that John Doe's visa application has been improperly delayed, so Defendants must promptly adjudicate his visa. See Compl., ¶¶ 16–17. That favors pseudonymity. Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024).

Finally, letting Plaintiffs proceed pseudonymously would not prejudice Defendants. This factor favors pseudonymity if the defendant knows who the plaintiff is. Sealed Case, 971 F.3d at 326 n.1. Plaintiffs have already disclosed their identities to Defendants in a sealed declaration, see Mot. at 5, so this factor favors them.

Plaintiffs want to remain pseudonymous to protect John Doe's safety. They seek individualized relief from the government, and pseudonymity will not prejudice Defendants. Plaintiffs' status as adults does not outweigh those facts, so the Court will grant their Motion to Proceed Under Pseudonyms.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Unopposed Motion to Proceed Under Pseudonyms and Administrative Motion to File Under Seal is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

    i. A pseudonymous version of their [2] Motion on the public docket; and

    ii. A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*<br>JAMES E. BOASBERG<br>Chief Judge

Date: December 9, 2025